The **COUNTY OF OAKLAND, by George W. KUHN, the Oakland County Drain Commissioner, Plaintiff,**

and

**County of Macomb, by Thomas S. Welsh, Macomb County Public Work's Commissioner, Intervening Plaintiff,**

v.

The **CITY OF DETROIT, Coleman A. Young, Charles Beckham, Nancy Allevato, as Personal Representative for the Estate of Michael J. Ferrantino, Sr., Darralyn Bowers, Sam Cusenza, Joseph Valentini, Charles Carson, Walter Tomyn, Vista Disposal, Inc., Michigan Disposal, Inc., Wayne Disposal, Inc., Wolverine Disposal, Inc., and Wolverine Disposal–Detroit, Inc., Defendants.**

No. 84–71068.

United States District Court, E.D. Michigan, S.D.

Oct. 24, 1991.

Robert H. Hurlbert, Jon R. Steiger, Dickinson Wright Moon VanDusen & Freeman, Bloomfield Hills, Mich., and Philip G. Tannian, Philip G. Tannian, P.C., Detroit, Mich., for plaintiff County of Oakland.

James A. Smith, Bodman Longley & Dahling, Detroit, Mich., for plaintiff County of Macomb.

S. Allen Early, III, Miller Canfield Paddock & Stone, Detroit, Mich., for defendant Coleman A. Young.

Leland Prince, Bell & Gardner, P.C., Detroit, Mich., for defendant City of Detroit.

Kenneth M. Zorn, Reynolds Beeby & Magnuson, Detroit, Mich., for defendant Charles Beckham.

David N. Zacks, Robert S. Harrison & Assoc., Birmingham, Mich., for defendants Michigan Disposal, Inc. and Walter Tomyn.

William W. Misterovich, Macomb County Public Works, Mount Clemens, Mich., for defendant Macomb County.

Dennis O. McLain, McLain & Winters, P.C., Ypsilanti, Mich., for defendants Sam Cusenza, Wolverine Disposal, Inc., Wolverine Disposal–Detroit, Inc.

N.C. Deday Larene, Detroit, Mich., for defendant Darralyn Bowers.

Richard E. Zuckerman and Honigman Miller, Detroit, Mich., for defendants Nancy Allevato, Charles Carson and Wayne Disposal, Inc. and Joseph Valentini.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

GADOLA, District Judge.

This case involves an allegedly fraudulent scheme to obtain one public contract for sewage disposal services without competitive bidding and to maintain and extend an earlier public contract on favorable terms without open price competition. This alleged fraudulent scheme caused damage to the Counties of Oakland and Macomb in the form of inflated prices the two counties paid for sewage disposal services. Oakland and Macomb seek to recover treble damages arising from defendants' alleged price fixing, overcharges and monopolization of the sludge hauling industry under the federal anti-trust and anti-racketeering laws. Plaintiffs have filed motions for partial summary judgment against defendants Charles Beckham, Darralyn Bowers, Sam Cusenza and Joseph Valentini.

### BACKGROUND FACTS

On February 3, 1983, a special federal grand jury in the Eastern District of Michigan, Southern Division, returned a multi-count indictment against defendants Charles Beckham, Darralyn Bowers, Sam Cusenza, Joseph Valentini and Michael Ferrantino charging substantive and conspiratorial violations of RICO and mail fraud for activities connected with sludge and sewage hauling for the City of Detroit and the Detroit Water and Sewerage Department ("DWSD"). The indictments additionally charged Beckham with violating the Hobbs Act, 18 U.S.C. § 1951, and charged Charles Carson with mail fraud. The resulting prosecutions are generally known as the Vista case.

The Vista prosecutions resulted in convictions against all of the defendants, either by jury verdict or through guilty plea. A jury found Beckham guilty of criminal RICO activity under 18 U.S.C. § 1962(c), seven counts of Hobbs extortion under 18 U.S.C. § 1951, and four counts of mail fraud. A jury found Bowers guilty of criminal RICO activity under 18 U.S.C. § 1962(c), criminal RICO conspiracy under 18 U.S.C. § 1962(d) and four counts of mail fraud. A jury found Cusenza guilty of criminal RICO conspiracy under 18 U.S.C. § 1962(d). Cusenza later pleaded guilty to criminal RICO activity under 18 U.S.C. § 1962(c). Valentini also pleaded guilty to criminal RICO conspiracy under 18 U.S.C. § 1962(d).

Oakland, and later Macomb, brought a complaint that closely tracks the Vista case. Oakland and Macomb generally allege that the defendants conspired to violate, and did violate, the anti-trust and anti-racketeering laws by excluding competition, illegally fixing the price of sludge hauling, monopolizing the sludge hauling industry, and imposing illegal overcharges. Specifically, plaintiffs state that they paid inflated prices for sewage disposal services due to the illegal activities of Beckham, Bowers, Cusenza and Valentini. Relying on Section 4 of the Sherman Act, 15 U.S.C. § 1, and the civil provisions of RICO, 18 U.S.C. § 1961, Oakland and Macomb seek to recover their alleged damages three-fold, along with costs and attorneys' fees.

Oakland has filed motions with this court seeking partial summary judgment, as to liability only, respecting Count V of its complaint against defendant Beckham, Counts VI and VII of its complaint against defendant Bowers, Counts VI and VII of its complaint against defendant Cusenza and Count VII of its complaint against defendant Valentini.

Macomb has also filed motions with this court seeking partial summary judgment, as to liability only, respecting Count V of its complaint against defendant Beckham, Counts VI and VII of its complaint against defendant Bowers, Counts VI and VII of its complaint against defendant Cusenza and Count VII of its complaint against defendant Valentini.

### STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affida-

vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)) (citations omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986):

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## APPLICABLE LAW

Defendants Beckham, Bowers and Cusenza have all been convicted of criminal RICO activity under 18 U.S.C. § 1962(c), which states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Defendants Bowers, Cusenza and Valentini have all been convicted of criminal RICO conspiracy under 18 U.S.C. § 1962(d), which states:

It shall be unlawful for any person to conspire to violate ... subsection ... (c) of this section.

Plaintiffs assert that their business or property has been injured by the defendants' violation of Section 1962 and have brought this action under 18 U.S.C. § 1964(c), which states:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the

suit, including a reasonable attorney's fee.

## SECTION 1962(C) COUNTS

To establish a civil RICO violation under Section 1964(c) arising from Section 1962(c), plaintiffs must show the existence of:

(1) a *person*, as defined in 18 U.S.C. § 1961(3);

(2) an *enterprise*, as defined in 18 U.S.C. § 1961(4);

(3) *employment* or *association* of such person with such enterprise;

(4) conduct by such enterprise affecting *interstate* or *foreign commerce*;

(5) direct or indirect actions of such person conducting or participating in the conduct of such enterprise's affairs through a *pattern of racketeering activity*, as defined in 18 U.S.C. § 1961(1) & (5);

(6) an *injury* to the plaintiff's business or property; and

(7) a *causal link* between plaintiff's injury and the Section 1962(c) violation.

■ Defendants Beckham, Bowers and Cusenza have been convicted of criminal RICO activity under Section 1962(c). The defendants are collaterally estopped from relitigating the same issues necessarily decided in previous judgments. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Collateral estoppel applies to a subsequent civil suit where a party has been previously convicted of a federal crime. *Gray v. Commissioner*, 708 F.2d 243, 246 (6th Cir.1983), *cert. denied*, 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (1984). Further, it is of no consequence that the conviction stems from a jury verdict or a guilty plea. *Id.* ("A guilty plea is as much a conviction as a conviction following jury trial"). Therefore, any element necessary to a criminal conviction under Section 1962(c) will be found to be conclusively established for purposes of a subsequent civil action.

■ Under Section 1962(c) alone, only the first five factors above need be proven to establish guilt. As asserted by the defendants, no issue of injury or extent of injury to the plaintiffs was ever litigated or decided in any previous proceeding. Therefore, plaintiffs must still establish that they suffered an injury and that such injury was causally linked to the Section 1962(c) activity of the defendants.

The movants have met their burden of production on the issues of injury and causal link. Plaintiffs' uncontroverted affiant states that the DWSD charged plaintiffs a rate that was linked to a number of factors, including sludge disposal costs that the defendants aided in inflating.[1] Plaintiffs have established that they suffered an injury. Further, plaintiffs have shown that the injuries alleged by them stem from defendants' RICO activities. Therefore, partial, but not full, summary judgment may be granted.

## SECTION 1962(D) COUNTS

■ To establish a civil RICO violation under Section 1964(c) arising from Section 1962(d), plaintiffs must show the existence of:

(1) a *person*, as defined in 18 U.S.C. § 1961(3);

(2) an *enterprise*, as defined in 18 U.S.C. § 1961(4);

(3) *employment* or *association* of such person with such enterprise;

(4) conduct by such enterprise affecting *interstate* or *foreign commerce;*

(5) a *conspiracy*, involving such person, to conduct or participate in the conduct of such enterprise's affairs through a *pattern of racketeering activity*, as defined in 18 U.S.C. § 1961(1) & (5);

(6) an *injury* to the plaintiff's business or property; and

(7) a *causal link* between plaintiff's injury and the Section 1962(c) violation.

Defendants Bowers, Cusenza and Valentini have been convicted of criminal RICO conspiracy under Section 1962(d). The defendants are collaterally estopped from re-

---

**1.** Affidavit of Robert H. Fredericks II at para. 14.

litigating the same issues necessarily decided in their previous convictions.

■ Under Section 1962(d) alone, only the first five factors above were necessarily proven by the government. As asserted by the defendants, no issue of injury or extent of injury to the plaintiffs was ever litigated or decided in any previous proceeding. Therefore, plaintiffs must still establish that they suffered an injury and that such injury was causally linked to the Section 1962(d) activity of the defendants.

Again, the movants have met their burden of production on the issues of injury or causal link. Plaintiffs' uncontroverted affiant states that the DWSD charged plaintiffs a rate that was linked to a number of factors, including sludge disposal costs that the defendants aided in inflating.[2] Plaintiffs have established that they suffered an injury. Further, plaintiffs have shown that injuries alleged by them stem from defendants' RICO activities. Therefore, partial, but not full, summary judgment may be granted.

### ORDER

For the foregoing reasons, Oakland's motion for partial summary judgment as to all elements essential to Count V of its complaint against defendant Beckham regarding liability is hereby GRANTED.

For the foregoing reasons, Oakland's motion for partial summary judgment as to all elements essential to Counts VI and VII of its complaint against defendant Bowers regarding liability is hereby GRANTED.

For the foregoing reasons, Oakland's motion for partial summary judgment as to all elements essential to Counts VI and VII of its complaint against defendant Cusenza regarding liability is hereby GRANTED.

For the foregoing reasons, Oakland's motion for partial summary judgment as to all elements essential to Count VII of its complaint against defendant Valentini regarding liability is hereby GRANTED.

For the foregoing reasons, Macomb's motion for partial summary judgment as to

all elements essential to Count V of its complaint against defendant Beckham regarding liability is hereby GRANTED.

For the foregoing reasons, Macomb's motion for partial summary judgment as to all elements essential to Counts VI and VII of its complaint against defendant Bowers regarding liability is hereby GRANTED.

For the foregoing reasons, Macomb's motion for partial summary judgment as to all elements essential to Counts VI and VII of its complaint against defendant Cusenza regarding liability is hereby GRANTED.

For the foregoing reasons, Macomb's motion for partial summary judgment as to all elements essential to Count VII of its complaint against defendant Valentini regarding liability is hereby GRANTED.

SO ORDERED.

---

**2.** Affidavit of Robert H. Fredericks II at    para. 14.